# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Christine R. Bolchoz, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michael J. Astrue, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 1:11-137-RMG <br><br> **ORDER** |

This matter comes before the Court on the motion of Plaintiff for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 34). Plaintiff seeks an award of attorneys' fees of $8,756.07, which represents $2,924.08 for senior counsel, Robertson Wendt (at a rate of $181.62 for 16.1 hours), $5,468.75 for junior counsel, Geoffrey Wendt (at a rate of $125.00 per hour for 43.75 hours), and $363.24 for time expended by Robertson Wendt on the EAJA motion (2.0 hours at $181.62 per hour). Plaintiff also seeks reimbursement for $350.00 for costs, for a total award of attorney's fees and costs of $9,106.07. Defendant has not objected to an award under EAJA but challenges the hours expended and the hourly rate sought by Plaintiff. (Dkt. No. 36). This motion follows an Order of this Court adopting the Report and Recommendation of the Magistrate Judge, which recommended that the Defendant's denial of Disability Insurance Benefits be reversed and remanded to the Commissioner. (Dkt. Nos. 28, 32). The Court addresses each of the objections of Defendant below.

A. **Total Hours Expended**

Plaintiff requested an attorney fee award based upon 16.10 hours of the senior partner's time and 43.75 hours for the associate's time. (Dkt. No. 34-1 at 4). The associate's actual time expended in the successful appeal of 87.5 hours was voluntarily reduced by Plaintiff in an apparent recognition that there was some inefficiency associated with the work of a newly practicing attorney. *Id.* Defendant challenges 2.1 hours expended by Plaintiff's counsel for what is characterized as "purely clerical" work. (Dkt. 35 at 2-3). This includes work reviewing and revising the complaint, arranging service and electronically filing court documents. Plaintiff responds that some tasks within a law firm are more efficiently performed by an attorney responsible for the work.

While Defendant is correct that "purely clerical activities" are not reimburseable under EAJA, some tasks fall into a "gray area" because at times "it is more economical and efficient for attorney's to do 'non-legal' work." 133 F.Supp.2d 878, 881 (W.D. Va. 2001). After reviewing the specific items objected to by Defendant, the Court finds these tasks were reasonably performed by attorneys and are reimburseable under EAJA.

Defendant objects to the fact that both a senior and junior attorney worked on the same Social Security file, which the Commissioner asserts "was unnecessarily duplicative and, therefore, unreasonable." (Dkt. No. 35 at 4). Plaintiff responds that the practice of a less expensive junior attorney working on a file under the watchful eye of a more senior attorney is often economically efficient and the Government should not attempt to dictate how attorneys in Social Security cases manage their practices. The Court notes that Plaintiff has already addressed any potential inefficiency with the voluntary 50% reduction in the hours of the junior attorney.

The Court finds that the hours submitted by Plaintiff for reimbursement are reasonable and do not reflect unnecessary duplication.

Defendant further objects to the total hours upon which Plaintiff seeks reimbursement, 59.85 hours, as "excessive". *Id.* at 4. Defendant suggests that the "typical" Social Security case can be handled in 20-40 hours. This particular matter was by no means "typical" and involved an effort to establish disability based upon the claimant's troubled psychological condition. The Court finds that Plaintiff's counsel ably handled this challenging appeal and the hours requested are reasonable under the circumstances present in this matter.

Defendant also objects to a total of 2.0 hours expended by Plaintiff's counsel after the Appeals Council decision and prior to the filing of the Complaint in United States District Court. *Id.* at 3-4. The Court has reviewed counsel's time sheets and am satisfied that the time expended on December 6 and 22, 2010 and January 13, 2011 were a necessary component of activity related to the preparation of the civil action. (Dkt. No. 34-5). It is well settled that time expended before the filing of the civil action is reimburseable under EAJA "to the extent that such hours can be attributed to the civil action . . . even though the hours were undertaken before the filing of the complaint." *Pollygreen v. Morris*, 911 F.2d 527, 536 (11th Cir. 1990); *Kyser v. Apfel*, 81 F. Supp.2d 645, 647 (W.D. Va. 2000). The Court finds that the 2.0 hours challenged by Defendant are reimburseable under EAJA.

### B. Hourly Rate

Defendant does not challenge the proposed hourly rate of $125.00 for the associate attorney but challenges the $181.62 per hour requested by the senior attorney, which is based upon the statutory rate of $125.00 increased by the consumer price index ("CPI") in effect at the

time Plaintiff became the prevailing party. (Dkt. No. 36 at 5). Defendant objects to the use of the CPI in effect when Plaintiff became the prevailing party on December 2, 2011 and recommends to the Court that it utilize the CPI in effect "at the time when Plaintiff's counsel performed services covered by the EAJA." (Dkt. No. 35 at 6). Defendant does not provide precise numbers to the Court for the CPI to be used but apparently seeks to utilize a rolling CPI number that changes every time a new CPI is reported.

The Court finds persuasive the body of case law which concludes that the proper CPI rate to utilize is that number in effect at the conclusion of the litigation. *See, Garcia v. Schweiker*, 829 F.2d 396, 402 (3rd Cir. 1987), *Nesmith v. Astrue*, 2008 WL 2169897 (D.S.C. 2008) (J. Harwell); *Ball v. Sullivan*, 754 F. Supp. 71, 75 (D.S.C. 1990) (J. Hamilton). Such an approach creates a disincentive to agencies to prolong the litigation process and avoids having the fees of attorneys eroded by inflation. *Garcia v. Schweiker* at 402. Therefore, the Court finds the rate requested by Plaintiff for her senior counsel's time, $181.62, to be the appropriate hourly rate for calculating his fees under EAJA.

Finally, Plaintiff requests that the Court approve attorney's fees of 2.0 hours at the rate of $181.62 for the senior partner's time expended responding to the EAJA motion. The Court finds these hours were necessary, reasonable and reimburseable under EAJA. *Suggs v. Sullivan*, 754 F. Supp. 79, 81 (D.S.C. 1991)(J. Blatt). The Court grants the request for $363.24 in fees associated with the EAJA motion.

## Conclusion

Based upon the foregoing, the Court hereby awards total attorneys' fees $8,756.07 and costs of $350.00, for a total award of $9,106.07. This award is based upon Court approved

attorney's fees as follows: (1) $2,924.08 for Robertson Wendt for his work on the Social Security appeal at an hourly rate of $181.62 per hour for 16.1 hours of legal work; (2) $5,468.75 for the work of Geoffrey Wendt for his work on the Social Security appeal at an hourly rate of $125.00 for 43.75 hours of work; and (3) $363.24 for the work of Robertson Wendt on the EAJA motion at an hourly rate of $181.62 per hour for 2.0 of work. The check shall be made payable to Plaintiff and delivered by Defendant to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 23, 2012